JOHN H. GRIFFITH, PLAINTIFF IN ERROR, V. HENRY
W. SHORT, ADMINISTRATOR, AND OTHERS, DEFEND-
ANTS IN ERROR.

1  Attachment: LEVY: IRREGULARITIES.  The sheriff levied an
   order of attachment on certain lands as property of the defend-
   ant.  After schedule, appraisement, and return of writ, he applied
   to the court on  his own motion  for leave to amend his return.
   Without any showing the court granted such leave.  Where-
   upon the sheriff canceled his schedule, appraisement, and return,
   and returned said attachment—no  property  found  to attach,
   etc.  *Held*, Not good  practice, and that in a proper case this
   court would set aside such cancellation of the original return
   and restore the levy.  But *held, further*, That such error did not
   affect the subsequent proceedings in the case, there being an ap-
   pearance by the defendant.

2.  Promissory Note: SIGNATURE BY MARKS.  Action on prom-
   issory note for $1500.00 purporting to be  signed by defendant,
   decedent, by mark.  Proof, that decedent was very old, infirm,
   and  nearly  blind ; that he owed  plaintiff  thirty dollars, bor-
   rowed money, for which he was  willing to give his note ; that
   plaintiff presented the note in suit, representing it to be for said
   sum of  thirty  dollars, whereupon decedent authorized plaintiff
   to  write his name  to the note, and then made  his mark to said
   signature, without reading the note.  After verdict for defend-
   ant, plaintiff assigned for  error  that he was entitled to  judg-
   ment for the thirty dollars, borrowed  money, but  did  not offer
   to amend his petition.  Judgment for defendant affirmed.

ERROR to the district court for Nuckolls county.  Tried
below before WEAVER, J.

*Royce Wyant*, for plaintiff in error.

*W. A. Bergstresser* and *D. W. Barker*, for defendants in
error.

COBB, J.

There was an order of attachment issued in  this case, by
virtue  of  which the sheriff  attached  certain lands  as the

property of the then defendant, Samuel Griffith, and returned the same accordingly.  He afterwards applied to the court for, and obtained, leave to amend his return, and thereupon made a return in effect that his original return was an error; and that at the date thereof, as appeared by an affidavit, deed, and abstract referred to, and made a part of said second return, the property attached was not the property of the defendant, but of one Anna Mary Schmin; he therefore returned said order; that after diligent search he was unable to find goods or chattels, lands or tenements, etc., of the said defendant in his county, whereof to levy, etc.

The plaintiff filed a motion to set aside said amended return, which was by the court refused.  While we think there is a broad discretion vested in all courts of general jurisdiction, in the control of all writs and process issued under their authority, yet it was certainly irregular practice on the part of the district court to allow the sheriff, on his own motion and without a showing, to amend the return of the writ of attachment so as to release the property attached, and in a case where it would be conducive to the ends of justice to do so, this court would not hesitate to reverse the order allowing such amendment, and treat the amendment or second return as a nullity.  But this action of the court had no effect upon the jury in giving their verdict, nor is there any connection between it and the judgment rendered in the case.

The action was brought on a promissory note for fifteen hundred and forty dollars purporting to have been executed by Samuel Griffith by mark, and witnessed by David F. Schnavely.  Samuel Griffith died soon after the commencement of the suit, and the defense is made by Abner J. Griffith, his executor in the state of Pennsylvania, and H. W. Short his administrator in this state.

The defense is, that the said promissory note was obtained by the said plaintiff from the deceased in his life-time by

Griffith v. Short.

fraud and misrepresentation, in this, that at the time said Samuel Griffith signed said promissory note he was indebted to said plaintiff in the sum of thirty dollars and no more, and was at said time prostrated with sickness, and had been so prostrated and confined to his bed with sickness for a long time prior thereto, and that as a result of such sickness and the advanced age of said Samuel Griffith, he being about eighty years of age, he was so weakened and impaired in mind and body, that he was utterly incapacitated to transact any business, and his eye-sight was so affected at that time that he was unable to see to read or write—that the plaintiff, who is a son of the said Samuel Griffith, presented the said promissory note to him and represented to him that it was for thirty dollars, money previously borrowed by said deceased from plaintiff, and relying upon said statement, and without reading said note, said Samuel Griffith made his mark thereto, etc. The jury found a verdict for the defendant.

Upon a careful examination of the evidence we are satisfied that the defense was fully proved. There are no briefs by either party. But the plaintiff by his petition in error impliedly admits that he could not recover on the note, but claims that he should have had a verdict for thirty dollars on the pleadings. If he had declared for money loaned or money had and received, or even offered to amend his petition to that effect, after the testimony was in, he might have been entitled to judgment for that amount, but he did not. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.